[No. 523.  Decided August 29, 1892.]

F. A. ALEXANDER, *Receiver of the Huron Lumber Company, Respondent,* v. ANDREW HEMRICH, *et al., Appellants.*

ATTACHMENT—FRAUD IN PROCURING—PLEADING.

Where the judgment obtained by a contractor on the foreclosure of a lien for lumber furnished in the construction of a building has been attached by a creditor of the contractor; the attachment proceedings will not be set aside on the ground of fraud at the suit of the lumber company which furnished the lumber to the contractor, when the fraud charged consisted in allegations that there were no grounds for the issuance of the attachment; that the attachment suit was compromised for a less sum than was sued for, and that the attaching creditors paid the contractor to conceal the attachment from the lumber company.

Nor, in such case, will the attachment be set aside on the ground that the lumber company has a prior right to the money recovered by the contractor for lumber furnished by the company in the construction of the building, as the company should have enforced that right by claim of lien.

*Appeal from Superior Court, King County.*

*Turner & McCutcheon,* for appellants.

*Preston, Albertson & Donworth,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—The Huron Lumber Company sold to one Heuss certain lumber, which was used by him in the construction of a building for one Winehill. Winehill having failed to pay therefor, Heuss filed a notice of a lien on the premises, and brought an action to foreclose the same, and recovered a judgment for the sum of $1,025. Appellants attached this credit in the hands of Winehill owing to Heuss, claiming that there was due them from Heuss the sum of $1,121 and interest. This attachment was made October 9, 1891, and on the 29th day of said month, after

the entry of judgment against Winehill in favor of Heuss. Winehill, Heuss and appellants compromised their suits, and a sum of money agreed upon was paid by Winehill to appellants, upon which payment they dismissed their action against Heuss.    October 31, 1891, respondent commenced an action against Heuss to recover the sum owing by Heuss to the Huron Lumber Company for said lumber and, on the 21st day of November, 1891, recovered judgment therefor.    Whereupon respondent sued out an execution, and caused the same to be served upon appellants, and required them to give a memorandum of any goods or credits in their hands belonging to Heuss, to which they replied they had none.    Subsequently the respondent brought this action to set aside the attachment proceedings aforesaid. The right to recover is based upon an alleged fraud in the prosecution of the attachment, and upon a prior right to the money owing by Winehill, on the ground that it was for the lumber furnished by the Huron Lumber Company. The above facts appear by the complaint, and it is also alleged that the appellants paid Heuss a sum of money in consideration of his agreeing to keep the attachment so made a secret, and to conceal the same from the plaintiff; and that on the 30th day of October, 1891, being the day after Heuss, through Winehill, had paid the money to the appellants, the plaintiff, then in ignorance of said payment, requested Heuss to pay the money so owing to him by Winehill for said lumber to the plaintiff, which money was then thought by the plaintiff to be in the hands of Winehill, and said Heuss replied that he expected said money would be paid in on his judgment against Winehill on that day, whereas said Heuss then well knew that the same had already been paid.    The further allegation is made as supporting the fraud claimed, that the appellants compromised their suit against Heuss for a sum considerably less than they allege was due them.    The defendants demurred to the com-

plaint. The court overruled the demurrer, and the defendants appealed.

The complaint failed to state a cause of action, and the demurrer should have been sustained. There is no claim made that the debt from Heuss to the appellants, upon which their action was brought, was not a *bona fide* one, but it was contended that there were no grounds sufficient to justify the issuance of the attachment. The Huron Lumber Company did not file any notice of a lien upon the premises of Winehill for the lumber furnished by it to Heuss and was not a party to the suit foreclosing the lien claimed by Heuss. The suit instituted by appellants against Heuss was begun and was of record in a public office; in fact it was begun in the same court wherein the plaintiff proceeded against Heuss. The process was issued by the same clerk, and served by the same sheriff, who issued and served the process of respondent against Heuss. There is no pretense that the papers or the records were in anywise concealed by appellants or by said officers. The fact that said company furnished the lumber to Heuss for which he obtained the judgment against Winehill gave it no prior right to the money paid to satisfy the same as against appellants. A way was provided by statute whereby respondent could have obtained and enforced a prior right by claiming a lien, but this was not done. The parties had a right to compromise their claims, and their having done so was no evidence of any fraud.

The complaint fails to state any equity or cause of action against the appellants, and the judgment is reversed, and cause remanded.

ANDERS, C. J., and DUNBAR, STILES and HOYT., JJ., concur.